UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LASHAWN S. MCDONALD,

                                        Plaintiff,

                - against -

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                        Defendant.

**ORDER**

13 Civ. 6903 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Lashawn McDonald brought this action against the Commissioner of

Social Security ("Commissioner").[1]  Pending before the Court is Plaintiff's motion for an award

of attorney's fees, which Magistrate Judge Stewart D. Aaron addressed in a Report and

Recommendation ("R&R").  Judge Aaron recommends that this Court grant Plaintiff's motion

and award $1,373.20 in attorney's fees.  (R&R (Dkt. No. 28) at 8)[2]  For the reasons stated below,

the R&R will be adopted in its entirety, and Plaintiff's motion will be granted in the amount of

$1,373.20.

**BACKGROUND**

        On June 27, 2013, the Commissioner denied Plaintiff's application for

Supplemental Security Income ("SSI") benefits.  Plaintiff appealed that decision in the instant

action, which was commenced on September 27, 2013.  (Cmplt. (Dkt. No. 1) ¶¶ 1-3)  On July 24,

---

[1]  Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration, and
she is automatically substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d).
[2]  The page numbers of documents referenced in this Order correspond to the page numbers
designated by this District's Electronic Case Files ("ECF") system.

2014, pursuant to a stipulation between the parties, the matter was remanded to the Commissioner for further administrative proceedings.  (Dkt. Nos. 14, 15)

On September 19, 2014, Plaintiff moved for an award of $1,326.80 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412.  (Mot. (Dkt. No. 16))  The motion was rejected for a filing deficiency.  Plaintiff withdrew the motion on September 15, 2015, stating that "recent decisions in this Court have all ruled [counsel's] timekeeping system was inadequate prior to August 28, 2014."  Because "the only time properly contemporaneously tracked in this case" totaled 2.4 hours, Plaintiff's counsel "waive[d] any recovery . . . under EAJA."  (Dkt. No. 20)

On April 3, 2016, following the remand to the Commissioner, Plaintiff was awarded $46,496.00 in past-due benefits.  (Olinsky Aff. (Dkt. No. 24) ¶ 4)  Plaintiff and Plaintiff's counsel had entered into a contingency fee agreement providing that Plaintiff's counsel would receive twenty-five percent of any past-due benefits awarded to Plaintiff.  (Id. ¶ 3; Olinsky Aff., Ex. A (Dkt. No. 24-1) at 2)  On June 21, 2017, Plaintiff moved for an award of attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of $5,624.00.[3]  (Dkt. No. 23; Olinsky Aff. (Dkt. No. 24) ¶ 6)

The Commissioner opposes counsel's request, arguing that the requested amount is unreasonable, because an award of $5,624.00 for 6.9 hours of attorney time would constitute a "windfall."[4]  (Def. Opp. Br. (Dkt. No. 25) at 2)

---

[3]  Although 25% of Plaintiff's award of $46,496.00 in past-due benefits amounts to $11,624.00, Plaintiff's counsel reduced that figure by $6,000, because another lawyer was awarded $6,000 "for representation [of Plaintiff] at the post-litigation hearing."  (Olinksy Aff. (Dkt. No. 24) ¶¶ 4-6)

[4]  The Commissioner also argues that the motion should be denied because it was filed more than a year after the Commissioner issued the notice of award letter in Plaintiff's favor.  (Def. Opp. Br. (Dkt. No. 25) at 2)

In a December 28, 2017 R&R, Judge Aaron recommends that the motion for attorney's fees be granted in the amount of $1,373.20.  (R&R (Dkt. No. 28) at 8)  While acknowledging that the contingency fee agreement between Plaintiff and Plaintiff's counsel "is within the twenty-five percent limit imposed by statute," and that "there is no evidence that [the fee agreement] was the result of fraud or overreaching," Judge Aaron notes that "[t]he Court[] must consider whether [Plaintiff's counsel] would enjoy a windfall relative to the services he provided" if a fee of $5,624.00 were awarded.  (Id. at 5)

In concluding that an award of $5,624.00 would be unreasonable, Judge Aaron notes that Plaintiff's counsel – Howard Olinsky – submitted documentation indicating that he spent 6.9 hours on this matter.  "However, 2.4 of the 6.9 hours were spent on preparing the EAJA motion that was later withdrawn.  Deducting those 2.4 hours, Olinsky . . . only worked 4.5 hours on the matter."  (Id. at 5-6 (internal citations and footnotes omitted))  An award of $5,624.00 for 4.5 hours of work "would amount to an hourly rate of $1,247.56, which would amount to a windfall."  (Id. at 6)

After considering the "range of hourly rates that courts in this Circuit have found to be reasonable," the amount of time Plaintiff's counsel spent on this case and his expertise in Social Security cases, "the success achieved in this case, and the lack of any evidence of fraud or overreaching," Judge Aaron recommends "an effective hourly rate of $600.00 for the 4.5 hours that Olinsky worked."  (Id. at 6)  This amounts to $2,700.

Judge Aaron finds, however, that the Section 406(b) award should be further reduced because Plaintiff's counsel did not make a proper EAJA fees motion.  (Id. at 7)  "Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  (Id. at 4 n.4 (quoting Gisbrecht v.

Barnhart, 535 U.S. 789, 796 (2002)))  "[S]ince Olinsky 'withdrew' his EAJA fees motion,

[Plaintiff] was deprived of the opportunity to obtain a refund of any EAJA fee recovery."  (Id.)

Judge Aaron recommends that the amount that Plaintiff's counsel sought in the terminated EAJA

motion (Dkt. No. 16),  $1,326.80, "be deducted from the attorney's fees that otherwise would

have been awarded to [Plaintiff's counsel]."  (Id. at 7)  This calculation results in a total fee

award of $1,373.20.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When no objections are filed to a magistrate

judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear

error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10

Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ.

P. 72(b) advisory committee note).  Moreover, "a party generally waives judicial review of an

issue when he or she fails to make timely objection to a magistrate judge's report, as long as all

parties receive clear notice of the consequences of their failure to object."  DeLeon v. Strack, 234

F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d

Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party

fails to object timely to a magistrate's recommended decision, it waives any right to further

judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[t]he parties shall have fourteen (14)

days (including weekends and holidays) from [December 28, 2017] to file written objections [to

this R&R] pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  (R&R (Dkt. No. 28) at 8)  The R&R further states that "the failure to file these timely objections will result in a waiver of those objections for purposes of appeal."  (Id. at 9 (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Aaron's R&R.

Because neither side filed objections to Judge Aaron's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Aaron's R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Aaron's R&R will be adopted in its entirety, and Plaintiff's motion for attorney's fees will be granted in the amount of $1,373.20.

## CONCLUSION

For the reasons stated above, Magistrate Judge Aaron's R&R (Dkt. No. 28) is adopted in its entirety, and Plaintiff's counsel is awarded $1,373.20 in attorney's fees.

Dated:  New York, New York
         January 25, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge